GEORGE C. LAZAR, ESQ. (Bar No. 061847)
FOX JOHNS LAZAR PEKIN & WEXLER, APC
525 "B" Street, Suite 1500
San Diego, CA 92101

Telephone:  877-272-3734
Facsimile:  877-227-0150
Email:      glazar@foxjohns.com

Attorney for Umpqua Bank

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br>**CAROLYN L. BURKE**<br>Debtor. | BANKRUPTCY CASE NO.<br>09-12469-RE-7<br>(Chapter 7) |
| UMPQUA BANK, an Oregon state banking corporation,<br>    Plaintiff,<br>vs.<br>CAROLYN L. BURKE,<br>    Defendant. | ADVERSARY CASE NO:<br>17-01035<br><br>UMPQUA BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Date:  June 11, 2018<br>Time:  11:00<br>Ctrm:  99 South "E" Street<br>       Santa Rosa, CA 95404 |

## INTRODUCTION

The origin of this adversary proceeding, as set forth in the amended complaint recently filed, is that although debtor and defendant Carolyn Burke obtained a discharge in her bankruptcy proceeding, property which she owned at the time of the bankruptcy filing remained encumbered by a deed of trust in favor of plaintiff Umpqua Bank. The property was recently sold and at the time Umpqua was entitled to payment of the amount secured

by its deed of trust in order for the lien of the deed of trust to be released at the time of the sale; the amount owed Umpqua was $231,077.27. As a result of a clerical error, the bank's beneficiary demand submitted to escrow was for $3,061.23. When the sale closed, Ms. Burke received a windfall of $227,936.69.

California law clearly allows the bank to recover this windfall to prevent Ms. Burke's unjust enrichment. However, before proceeding, Umpqua seeks, by this action, a declaration that pursuing litigation to recover the amount which was due it at the time of the sale closing but not received does not violate the discharge injunction. As the following sets forth, Umpqua is entitled to the judgment it seeks.

I.

THIS DECLARATORY RELIEF ACTION IS THE METHOD ALLOWED BY THE BAP TO DETERMINE WHETHER THERE IS A POSSIBLE VIOLATION OF THE DISCHARGE INJUNCTION.

The Ninth Circuit Bankruptcy Appellate Panel ("BAP") has discussed in a number of cases the right, and ability, of a creditor to obtain a post-discharge determination of whether a planned action against the discharged debtor will run afoul of the discharge injunction. The creditor is not put to the dilemma of having to determine whether to abandon the claim against the debtor or risk facing a contempt citation if it proceeds.

In *In re Taggart*, 548 B.R. 275 (9th Cir. BAP 2016), the BAP confronted a situation where a transfer of a limited liability company member interest had been made in violation the operating agreement. After a discharge was entered, the LLC sued to set aside the transfer and sought post-discharge fees. The debtor reopened the bankruptcy case to file a motion for a determination of contempt. Ultimately, after an intervening appeal to the district court, the bankruptcy court entered an order of contempt and entered a six figure judgment awarding sanctions, including punitive damages.

On appeal, and after discussing the Ninth Circuit rules for determining contempt based upon violation of the discharge injunction, the *Taggart* court determined the LLC's lawsuit did not violate the discharge injunction. In making this determination, the BAP

noted as follows:

> "We have previously said that a party seeking a bankruptcy court determination regarding the scope of the discharge should file an adversary complaint seeking declaratory relief. *See Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 556 (9th Cir. BAP 2002)."

*Id.* at 289. Although, as noted by the court in note 12 (*ibid.*), a state court could determine the scope of the discharge injunction, if the state court were wrong, the creditor would be subject to contempt in the bankruptcy court[1].

In the case cited by the *Taggart* court, the BAP noted as follows:

> "[D]eterminations regarding the scope of the discharge require a declaratory judgment obtained in an adversary proceeding. Fed. R. Bankr.P. 7001(9); *Ung v. Boni (In re Boni)*, 240 B.R. 381, 385-86 (9th Cir. BAP 1999). It is long-settled that an action asking a court that is administering an injunction whether it applies to proposed conduct is justiciable notwithstanding that the ruling is advisory in nature. *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15-16, 65 S.Ct. 478, 89 L.Ed. 661 (1945); *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 200 (7th Cir.1993)."

*In re Munoz*, 287 B.R. 546, 551 (9th Cir. BAP 2002). In *Munoz* the BAP recharacterized an improper bankruptcy court order denying modification of the discharge injunction as a declaratory judgment, which the BAP then reversed as being contrary to the discharge injunction. Stated more simply, the BAP determined, on the merits, that the declaratory judgment entered by the bankruptcy court was substantively wrong.

Relying on this BAP precedent, Umpqua commenced this action to seek a substantive determination of whether the discharge injunction prevents the bank from recovering the improper windfall which Ms. Burke received. By this motion for summary judgment, the bank seeks the judgment determining it may proceed with its proposed state court action.

---

[1] The creditor in *Taggart* chose to seek a declaratory relief determination in the state court, which the bankruptcy court had found a correct judgment. The BAP noted that the creditor's seeking of a declaratory judgment "should be praised, not sanctioned."

# II.

## A STATE COURT ACTION TO RECOVER MS. BURKE'S WINDFALL DOES NOT VIOLATE THE DISCHARGE INJUNCTION IN HER BANKRUPTCY PROCEEDING

A. <u>Statement of Facts</u>

In December of 2007, Umpqua Bank made a loan to AWS, LLC. In conjunction with that loan, Ms. Burke, the principal of AWS, executed a guaranty in favor of the Bank. The guaranty was secured by a deed of trust on her property known as 401 San Lorenzo Court, Sonoma. (Declaration of Erika Gutierrez ("Gutierrez Declaration") filed concurrently herewith, p. 2, ¶¶4 and 5 and Exhs. A, B, and C.)

The AWS note went into default. Thereafter, Ms. Burke filed her bankruptcy proceeding and was granted a discharge. (The Court may take judicial notice of the discharge in its files.)

In 2017, First American sent a request for payoff to Umpqua Bank. As a result of not properly identifying the loan in its records, Umpqua's demand was for $3,140.58. (Gutierrez Declaration, p. 3, ¶¶9 and 10, Exhs. D and E.)

However, this demand was in error. In fact, as of the date of the demand, the amount owing on Ms. Burke's guaranty was $231,077.27. (Gutierrez Declaration, ¶12.) In spite of Umpqua notifying the escrow company and Ms. Burke of the error, Umpqua Bank has not received the amount it was entitled to receive on the sale of the 401 San Lorenzo property.

As set forth in the Amended Complaint on file in this matter, Umpqua seeks a declaration that its complaint against Ms. Burke for the windfall she received, and pursuing the complaint to judgment, will not violate the discharge injunction.

B. <u>The Proposed Action against Ms. Burke Does Not Violate the Discharge Injunction.</u>

Bankruptcy Code section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor". The discharge only limits the available means of collecting on a claim - seeking to enforce the claim by a personal judgment on the claim; it does not operate as a satisfaction or exoneration of the claim. The

bankruptcy discharge extinguishes only "the personal liability of the debtor." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (holding that while the bankruptcy discharge extinguishes one "mode of enforcing a claim—namely, an action against the debtor in personam," it leaves "intact another—namely, an action against the debtor in rem").

As a result, where a creditor holds a claim secured by a lien perfected at the time of filing, the discharge does nothing to impact the creditor's ability to collect the claim based upon its lien. See also, *In re Fonseca (Fonseca v. Gov't Empls. Assn.)*, 524 B.R. 628 (1st Cir. BAP 2015; *In re Shook*, 278 B.R. 815, 820 (9th Cir. BAP 2002) ("We begin with the longstanding principle that a secured creditor may bypass a debtor's bankruptcy proceedings and enforce its lien in the usual way, because unchallenged liens pass through bankruptcy unaffected. See *Long v. Bullard*, 117 U.S. 617, 620–21, 6 S.Ct. 917, 29 L.Ed. 1004 (1886); *Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). See also *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (bankruptcy extinguishes in personam claims against the debtor but generally has no effect on in rem claims against the debtor's property).").

Umpqua clearly had the right to enforce its lien claim based upon its deed of trust securing Ms. Burke's guaranty against the San Lorenzo Court property. At the time of the sale, that claim was in the amount of $231,077.27. However, Umpqua received only $3,140.58. The balance of $227,936.69 was a windfall to Ms. Burke the she asserts she has the right to retain.

California law clearly gives Umpqua the right to collect the windfall from Ms. Burke. In *Ghirardo v. Antonioli*, 14 Cal.4th 39 (1996), the California Supreme Court confronted a situation similar to that here. The beneficiary of a purchase money deed of trust understated the amount owing on the secured obligation and sought to recover the amount omitted from the payoff demand. The Court first found that, like the situation here, there could be no action on the note. However, the Court further concluded that the beneficiary could recover the amounts sought based upon common law principles of unjust enrichment. *Id.,* 14 Cal.4th at 50. When the beneficiary established the amount omitted, and the trustor failed to show any reasonable reliance on the error, the beneficiary was entitled to recover based upon unjust enrichment.

Thus, Umpqua Bank has a common law claim based upon Ms. Burke's unjust enrichment

in obtaining and retaining amounts that were, in fact, owed to Umpqua Bank under its deed of trust. This claim clearly was never discharged, because it arose only in 2017. The discharge injunction has no application to the claim for unjust enrichment which Umpqua seeks to pursue.

CONCLUSION

Umpqua Bank has a claim against Ms. Burke for unjust enrichment which accrued well after the discharge granted in her bankruptcy proceeding. The bank is entitled to a declaration that pursuing that unjust enrichment claim will not violation the discharge injunction.

DATED: May 8, 2018          FOX JOHNS LAZAR PEKIN & WEXLER, APC
                            A Professional Corporation


                                    /s/ George C. Lazar
                            By: _____
                            George C. Lazar
                            Attorney for Umpqua Bank

P:\Umpqua\Burke\Adverseary\zz180509_MSR Memon.wpd